# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALFREDO FABIAN TORRES-MORENO, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-22-438-G ) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY IMMIGRATION AND CUSTOMS ENFORCEMENT; and TAE D. JOHNSON, acting director, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Now before the Court is Plaintiff Alfredo Fabian Torres-Moreno's Motion for Injunction (Doc. No. 2), seeking an order enjoining Plaintiff's removal from the United States pursuant to Federal Rule of Civil Procedure 65. Because Plaintiff asks the Court to issue a temporary injunction without notice to Defendants United States Department of Homeland Security Immigration and Customs Enforcement ("ICE") and Tae D. Johnson, Acting Director, *see* Pl.'s Mot. at 1-2, the Court will construe Plaintiff's Motion for Injunction as a motion for a temporary restraining order ("TRO") made pursuant to Federal Rule of Civil Procedure 65(b)(1).

*I.   Background*

Plaintiff is a nineteen-year-old resident of Oklahoma City, Oklahoma and citizen of Mexico. Compl. ¶ 1 (Doc. No. 1). Plaintiff represents that he arrived in the United States in February of 2005 and has lived in this country ever since. *See id*. at ¶ 2. Plaintiff was

granted a stay of deportation under the Deferred Action for Childhood Arrivals ("DACA") program. *See id.* at ¶¶ 3-4.

On December 3, 2021, Plaintiff, who represents he had no prior arrests or convictions, was arrested in Oklahoma County on state charges for possession of marijuana with intent to distribute and possession of a firearm while in the commission of a felony. *See id.* at ¶ 7. After being released on bond, Plaintiff states that ICE arrested him and placed him in removal proceedings, deeming Plaintiff a threat to national security. *See id.* at ¶ 8. Before the state charges were filed, ICE served Plaintiff a "Termination Notice" on January 10, 2022, which immediately terminated Plaintiff's DACA status. *See id.* at ¶ 9. On February 2, 2022, Plaintiff represents that he was ordered removed by the Immigration Court sitting in Dallas, Texas. *See id.* at ¶ 12. Plaintiff states that the ICE attorneys told Plaintiff's attorney that if the felony charges were dropped and Plaintiff pled to a simple possession misdemeanor, his DACA status could be re-approved and he would avoid removal. *See id.* at ¶ 13.

Plaintiff was then brought back to Oklahoma County where, on or about May 25, 2022, the State of Oklahoma dismissed the use of a firearm while committing a felony charge and amended the marijuana charge to simple possession of marijuana—a misdemeanor. *See id.* at ¶ 15. Plaintiff pled guilty to the misdemeanor, a crime that Plaintiff contends would not disqualify him from his DACA status or make him a priority for removal. *See id.* at ¶¶ 15-16.

Plaintiff represents he is now in ICE custody in Oklahoma City and faces imminent deportation, which would result in irreparable injury to Plaintiff. *See id.* at ¶ 23-24; Pl.'s

Mot. at 2. Plaintiff represents that he has exhausted all other avenues of possible relief, does not have sufficient time or means to give notice to Defendants, and will be immediately removed to Mexico if the TRO is not issued. *See* Pl.'s Mot. at 2.

    II.    *Applicable Standards*

Federal Rule of Civil Procedure 65(b)(1) authorizes the Court to issue a temporary restraining order without written or oral notice to the adverse party only if:

>  (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>  (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). A movant must satisfy the same requirements whether he is applying for a preliminary injunction or a TRO. *See Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002). As explained by the Tenth Circuit,

>  Ordinarily, a movant seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest. Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal.

*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001) (citation omitted).

    III.    *Discussion*

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "For that reason, we 'cannot extend

3

the court's hand to seize topics Congress has put beyond our reach.'" *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir.), *cert. denied sub nom. Camarena v. Johnson*, 142 S. Ct. 424 (2021) (quoting *Bourdon v. U.S. Dep't of Homeland Sec.*, 940 F.3d 537, 546 (11th Cir. 2019)).

"One such jurisdiction-stripping provision is 8 U.S.C. § 1252(g)." *Id.* § 1252(g) provides in relevant part that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Other courts have expressly recognized that federal courts are precluded from reviewing motions for temporary restraining orders to stop the execution of removal orders, like the instant motion, by § 1252(g). *See, e.g.*, *Rauda v. Jennings*, 8 F.4th 1050, 1054 (9th Cir. 2021); *Camarena*, 988 F.3d at 1272-74; *V.V. v. Orozco*, No. CV 20-560 KG/CG, 2020 WL 3542480, at *5 (D.N.M. June 30, 2020). Because this Court lacks jurisdiction to hear Plaintiff's claims regarding the execution of his removal order, Plaintiff's right to relief is not clear and unequivocal and he "fails to establish the first requirement for temporary relief—a likelihood of success on the merits." *Alegria-Zamora v. U.S. Dep't of Homeland Sec.*, No. 18-2102-DDC-GLR, 2018 WL 1138280, at *2 (D. Kan. Mar. 2, 2018). Accordingly, § 1252(g) prevents the Court from granting Plaintiff's requested relief.

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion (Doc. No. 2) is DENIED.

IT IS SO ORDERED this 31st day of May, 2022.

_____
CHARLES B. GOODWIN
United States District Judge

5