# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ALFREDO FABIAN TORRES-MORENO,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**UNITED STATES DEPARTMENT OF HOMELAND SECURITY IMMIGRATION AND CUSTOMS ENFORCEMENT; and TAE D. JOHNSON,** acting director, )<br>)<br>**Defendants.** ) | **Case No. CIV-22-438-G** |

## ORDER

Now before the Court is Plaintiff Alfredo Fabian Torres-Moreno's Second Motion for Injunction (Doc. No. 4).

The Court denied Plaintiff's First Motion for Injunction (Doc. No. 2), finding that the Court was precluded from enjoining the execution of Plaintiff's Order of Removal by 8 U.S.C. § 1252(g).  *See* Order of May 31, 2021 (Doc. No. 3).  Plaintiff now "requests this Court enjoin and restrain the [Defendants'] termination of the plaintiff's DACA status and from removing the plaintiff, and further provide for the plaintiff's immediate release upon sufficient and reasonable surety."  Pl.'s Mot. at 4.

Because Plaintiff asks the Court to issue a temporary injunction without notice to Defendants United States Department of Homeland Security Immigration and Customs Enforcement ("ICE") and Tae D. Johnson, Acting Director, *see* Pl.'s Mot. at 1-2, the Court

again will construe Plaintiff's Second Motion for Injunction as a motion for a temporary restraining order ("TRO") made pursuant to Federal Rule of Civil Procedure 65(b)(1).

### I. *Federal Rule of Civil Procedure 65(b)(1)*

As a threshold matter, Plaintiff has not complied with the procedural requirements for obtaining a TRO as specified by Federal Rule of Civil Procedure 65(b)(1). Rule 65(b)(1) authorizes the Court to issue a TRO without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Plaintiff has made no certification in writing of any effort to give notice to Defendants or the reasons notice should not be required. Regarding notice, Plaintiff only states that "[t]he plaintiff does not have sufficient time or means to give notice to the defendants prior to seeking this injunction." Pl.'s Mot. at 2.

### II. *Relief Requested*

Even assuming Plaintiff had complied with Rule 65(b)(1), the Court is unable to grant Plaintiff's requested relief. Plaintiff states that he:

> [D]oes not challenge the removal proceedings or the removal order. The plaintiff challenges the agency decision to terminate his DACA status. The plaintiff requests this Court to enjoin that decision [ ] and the decision not to adhere to the original grant of DACA. This would require the agency not remove the plaintiff.

Pl.'s Mot. at 2-3. Relying on *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891 (2020), Plaintiff contends that § 1252(g)'s jurisdictional bar does not apply to an action challenging the termination of Plaintiff's DACA status.

While *Regents* addressed the rescission of the entire DACA program rather than the termination of an individual's status, *see Regents*, 140 S. Ct. at 1905, one Court of Appeals recently found that the same reasoning would mean that § 1252(g) does not preclude courts from reviewing the termination of an individual's DACA status. *See Mojica Morales v. Acting Sec'y, United States Dep't of Homeland Sec.*, No. 21-10835, 2022 WL 73761, at *5 (11th Cir. Jan. 7, 2022). Plaintiff here, however, does not merely ask the Court to review the termination of his DACA status, but rather asks the Court to "enjoin and restrain the [Defendants'] termination of the plaintiff's DACA status," which action he says would "require the agency not [to] remove" Plaintiff. Pl.'s Mot. at 4.

Based on the representation of Plaintiff, his DACA status was terminated more than four months ago. *See* Compl. at ¶ 9 (stating Plaintiff's DACA status was terminated on Jan. 10, 2022). Plaintiff has provided no explanation or authority supporting the argument that a federal district court may enjoin an already-completed agency action.

More pointedly, a removal order has already been entered as to Plaintiff, and this Court is expressly barred by statute from reviewing or preventing the execution of that removal order. *See* 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."). Plaintiff's argument for the need for a TRO in this

3

matter depends in substance upon the Court intervening in the execution of the removal order, something it cannot do.  *See id.*; *see also Rauda v. Jennings*, 8 F.4th 1050, 1054 (9th Cir. 2021); *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir.), *cert. denied sub nom. Camarena v. Johnson*, 142 S. Ct. 424 (2021) (quoting *Bourdon v. U.S. Dep't of Homeland Sec.*, 940 F.3d 537, 546 (11th Cir. 2019)).

## CONCLUSION

For the forgoing reasons and the reasons explained in the Court's Order of May 31, 2022, Plaintiff has not shown he is entitled to a temporary restraining order.  Accordingly, Plaintiff's Motion (Doc. No. 4) is DENIED.

IT IS SO ORDERED this 1st day of June, 2022.

_____
CHARLES B. GOODWIN
United States District Judge