**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ALFREDO FABIAN TORRES-MORENO,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CIV-22-438-G** |
| **UNITED STATES DEPARTMENT OF HOMELAND SECURITY IMMIGRATION AND CUSTOMS ENFORCEMENT; and TAE D. JOHNSON, acting director,** | ) | |
| **Defendants.** | ) | |

**ORDER**

Plaintiff Alfredo Fabian Torres-Moreno filed this lawsuit on May 31, 2022, against Defendants United States Department of Homeland Security Immigration and Customs Enforcement and Tae D. Johnson, acting director. Plaintiff's 90-day deadline to effect service upon Defendants expired on August 29, 2022. *See* Fed. R. Civ. P. 4(m). Pursuant to Rule 4(m), if a defendant is not served within this 90-day period, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*

As of August 29, 2022, Plaintiff had not requested the issuance of summons or ensured that a proof of service or waiver of service was filed with the Court. Nor had Defendants answered or otherwise indicated awareness of Plaintiff's lawsuit. Accordingly, the Court directed Plaintiff to show cause in writing, within 14 days, why his claims against Defendants should not be dismissed. *See* Order of September 2, 2022 (Doc. No. 7) at 1.

As of this date, Plaintiff has not responded to the Court's Order and has not shown that service has been perfected on Defendants.

A plaintiff in a federal civil lawsuit is required to have each defendant served with a summons and a copy of the pleading by a date certain. *See* Fed. R. Civ. P. 4(c)(1), (m). Thus, Plaintiff's failure to complete proper service upon Defendants within the prescribed time limit is grounds for dismissal of all claims against that party, absent any justification for this failure. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). Plaintiff has made no attempt to show "good cause" under Rule 4(m) for the failure to complete service upon Defendants, and no "good cause" is otherwise reflected in the record before the Court. Fed. R. Civ. P. 4(m).

CONCLUSION

Accordingly, the Court DISMISSES WITHOUT PREJUDICE all claims against Defendants United States Department of Homeland Security Immigration and Customs Enforcement and Tae D. Johnson, acting director, for failure of service under Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 22nd day of September, 2022.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge